### JOSEPH SHEPHERD v. ASA PAYSON.

A party cannot be made to answer interrogatories if his answer will expose him to any criminal punishment *or penal liability*.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *G. L. Bright,* for plaintiff. *Collens & Wooldridge,* for defendant and appellant.

LAND, J. The plaintiff, claiming to be the assignee of certain Branch Pilots, sues the defendant for the recovery of the sum of three hundred and thirty-nine dollars and fifty cents, with legal interest from judicial demand, and states his cause of action as follows:

That the defendant Asa Payson not being a Branch Pilot for the Port of New Orleans, piloted vessels over the bars at the mouths and passes of the Mississippi River, and from the Mississippi River to the Gulf of Mexico, in violation of the Act of the Legislature of 1857, entitled an "Act relative to Pilots." That the 7th section of said Act provides, "If any person not appointed a Branch Pilot, shall pilot any ship or other vessel when a Branch Pilot offers, he shall forfeit and pay to said Branch Pilot twice the amount of the pilotage paid to and received by him."

That the defendant piloted the ships *Lexinton, J. W. White* and *Carrack,* at three different times, when Daniel B. Morgan, a Branch Pilot, offered to pilot the ship *Lexinton,* and Y. J. Vanderslice, a Branch Pilot, offered to pilot the ship *J. W. White,* and Luke F. Higgins, a Branch Pilot, offered to pilot the ship *Carrack.*

And that these Branch Pilots have transferred to him, the plaintiff, the forfeitures due to them respectively by the defendant under the Act of 1857 above mentioned.

The plaintiff concludes his petition by propounding interrogatories on facts and articles to the defendant, for the purpose of proving the alleged forfeitures under the Act of 1857.

The defendant filed an exception to the interrogatories, on the ground that the plaintiff had no right to compel him to give testimony against himself for the purpose of proving a forfeiture which had accrued, as alleged, in consequence of his violation of a penal statute, and thereby to compel him to criminate himself.

The exception was overruled by the Judge *a quo;* and the interrogatories having been answered by the defendant, were afterwards, on a rule by plaintiff, taken for confessed, and judgment rendered in favor of the plaintiff for the amount claimed in his petition.

The defendant has appealed, and complains that the Judge erred in

overruling his exception to the interrogatories, and also in ordering the interrogatories to be taken for confessed, and in rendering judgment on the evidence before him in favor of the plaintiff.

The Judge erred in overruling the defendant's exception to the interrogatories; for when a party to a suit is interrogated, he is entitled to the privileges secured by law to witnesses in general; and it is now well settled, that a witness is not bound to answer any question, either in a court of law or of equity, if his answer will expose him to any criminal punishment or *penal liability;* and the object of the interrogatories was to establish by the testimony of the defendant a *penal liability against himself;* and his exception to the interrogatories was well taken, and should have been sustained. See 1 Starkie on Evidence, 165; Greenleaf on Evidence, § 453.

.For the reason stated the Judge also erred in ordering the interrogatories to be taken for confessed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower Court overruling the defendant's exception to the interrogatories, and ordering the same to be taken for confessed, together with the judgment on the merits, condemning the defendant to pay to the plaintiff the amount claimed with interest and cost of suit, be avoided and reversed, and that this cause be remanded to the lower Court for further proceedings according to law, the plaintiff and appellee paying the costs of this appeal.

VOORHIES, J., absent.